IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:15CR 136 |
| | ) | |
| ERIK PITTMAN | ) | Conspiracy to Defraud the United States |
| Counts 1, 2, 4, 8, 9, 12, 14 | ) | 18 U.S.C. § 371 |
| | ) | Count 1 |
| JEREMY BLANCHARD | ) | |
| Counts 1, 3, 5, 6, 7, 10, 11, 13 | ) | Aid, Assist in, Counsel and |
| | ) | Advise in the Preparation of False and |
| | ) | Fraudulent U.S. Individual Income Tax |
| | ) | Returns |
| | ) | 26 U.S.C. § 7206(2) |
| | ) | Counts 2-14 |

**SUPERSEDING INDICTMENT**

**DECEMBER 2015 TERM - At Richmond**

THE GRAND JURY CHARGES THAT:

## BACKGROUND

At all times relevant to this indictment:

1. Mo Money, Inc. ("Mo Money," "Mo Money Taxes," "MMT" and "MoneyCo USA") was a tax preparation business that operated in Richmond, Virginia, within the Eastern District of Virginia, and elsewhere. It had store fronts on Hull Street, Mechanicsville Turnpike, and Belt Boulevard in Richmond, Virginia.

2. Defendant JEREMY BLANCHARD ("Blanchard") is a 35 year old male who operated Mo Money's Hull Street location and prepared and caused to be prepared tax returns for its clients.

3. Defendant ERIK PITTMAN ("Pittman") is a 35 year old male who operated Mo Money's Mechanicsville Turnpike location and prepared and caused to be prepared tax returns for its clients.

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

5. Pursuant to the Internal Revenue Code and the Treasury Regulations promulgated thereunder, individual taxpayers were generally required to report their income, deductible expenses, and tax liabilities on a U.S. Individual Income Tax Return, Form 1040, ("Form 1040"), which is required to be filed with the IRS.

6. Schedule C was a form filed with a Form 1040 to report the profit or loss generated from an individual's solely owned business, provided that the business was not a corporation.

## EARNED INCOME CREDIT

7. The Earned Income Credit ("EIC") was a refundable tax credit available to certain taxpayers with limited earned income. A tax credit was subtracted from the taxpayer's tax liability. A refundable tax credit could result in a refund even when the tax liability was zero. The EIC was calculated based on multiple variables including, among others, the taxpayer's income, marital status, filing status, and number of qualifying children.

8. A "qualifying child" was a dependent of the taxpayer who met specific eligibility criteria, including time residing with the taxpayer, relationship to the taxpayer, age, and disability. These criteria included a requirement that the child live at least one-half of the year (one year if an eligible foster child) in the taxpayer's home. Additionally, the child was required

to be related by blood, legally adopted, or an eligible foster child to the taxpayer and had to be under the age of 19 (or age 24 if a student), unless totally disabled. Additional qualifying children could increase the amount of a taxpayer's EIC.

9. Due to the method used to calculate the EIC, there was a particular range of income that maximized the amount of EIC that a taxpayer could claim. This range was commonly referred to by some tax preparers as "the sweet spot." A taxpayer's EIC would increase as his or her income increased until it reached "the sweet spot," after which additional income would cause the amount of a taxpayer's EIC to decline until it reached zero.

## AMERICAN OPPORTUNITY CREDIT

10. The American Opportunity Credit ("AOC") was a tax credit for incurred undergraduate college education expenses. The credit provided up to $2,500 in tax credits on the first $4,000 of "qualifying educational expenses," which included course materials and tuition paid for by the taxpayer. Forty percent of the credit was refundable to the taxpayer, the remainder was non-refundable. "Qualifying educational expenses" did not include expenses that had been paid for with tax-free education assistance, such as scholarships, grants or assistance provided by an employer.

11. Individuals could claim the AOC for themselves or their dependents if the student was, among other requirements, enrolled at least half-time in a college, university, or other accredited post-secondary educational institution ("school").

12. Schools were required to file a Form 1098-T with the IRS for each enrolled student for whom there was a reportable transaction. Reportable transactions included certain tuition payments, fees, and expenses for course materials. To claim the AOC, the taxpayer was required to include the pertinent student's Form 1098-T with his or her Form 1040.

13. Form 8863, Education Credits (American Opportunity and Lifetime Learning Credits) ("Form 8863"), was a form filed with a Form 1040 to calculate and claim eligibility for education credits, including the AOC.

## CREDIT FOR CHILD AND DEPENDENT CARE EXPENSES

14. The Credit for Child and Dependent Care Expenses ("Child and Dependent Care Credit") was a credit for qualifying expenses paid for the care of dependent children thirteen years old or younger while the taxpayer worked or looked for work. Taxpayers could claim up to $3,000 in qualifying expenses actually incurred per dependent child, up to a total of $6,000.

15. Form 2441, Child and Dependent Care Expenses, was a form filed with a Form 1040 to calculate and claim eligibility for child and dependent care expenses.

## COUNT ONE

1. The factual allegations contained in Background paragraphs 1 through 15 are re-alleged and incorporated herein.

2. Beginning in or before December 2011 and continuing until in or about February 2012, the exact dates being unknown, in the Eastern District of Virginia and within the jurisdiction of this Court,

ERIK PITTMAN and<br>JEREMY BLANCHARD

did knowingly and unlawfully combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the IRS, an agency of the United States, in the ascertainment, computation, assessment, and collection of revenue, that is, federal individual income taxes.

## MANNER AND MEANS OF THE CONSPIRACY

1. It was part of the conspiracy that defendants and their co-conspirators, operating under the business name Mo Money, Inc., would and did hold themselves out as tax return preparation professionals who offered their services to prepare and file U.S. Individual Income Tax Returns for the 2011 tax year for paying customers.

2. It was further a part of the conspiracy that defendants and their co-conspirators would and did seek to attract customers to the Mo Money business by promising their customers large refunds.

3. It was further a part of the conspiracy that the defendants would and did falsify information and forms regarding income, expenses, dependents, and other details relevant to deductions and/or credits including the EIC, AOC, and the Child and Dependent Care Credit.

4. It was further a part of the conspiracy that defendants would and did profit from the scheme by charging customers additional fees for every tax form they prepared in support of a credit or deduction on a tax return.

5. It was further part of the conspiracy that defendants would and did file or cause to be filed with the IRS the fraudulently prepared returns and forms for their customers.

## OVERT ACTS

In furtherance of the conspiracy the defendants performed at least one of the following acts in the Eastern District of Virginia and elsewhere, including, but not limited to, the following:

1. On or about January 12, 2012, ERIK PITTMAN caused NW to sign a document falsely claiming that NW had $6,500 in income in tax year 2011 from a child care business.

2. On or about January 12, 2012, ERIK PITTMAN and a co-conspirator prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for NW.

3. On or about January 17, 2012, a co-conspirator prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for VS.

4. On or about January 17, 2012, a co-conspirator prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for PS.

5. On or about January 18, 2012, JEREMY BLANCHARD prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for CC.

6. On or about January 18, 2012, ERIK PITTMAN prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for KE.

7. On or about January 19, 2012, JEREMY BLANCHARD prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for DD.

8. On or about January 19, 2012, JEREMY BLANCHARD prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for SM.

9. On or about January 19, 2012, JEREMY BLANCHARD prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for KL.

10. On or about January 19, 2012, in Richmond, Virginia, ERIK PITTMAN caused SR to sign a document falsely claiming that SR had $7,500 in income and $450 in expenses in tax year 2011 from a hair stylist business.

11. On or about January 19, 2012, in Richmond, Virginia, ERIK PITTMAN prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for SR.

12. On or about January 20, 2012, a co-conspirator prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for EO.

13. On or about January 21, 2012, in Richmond, Virginia, ERIK PITTMAN prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for IM.

14. On or about January 24, 2012, in Richmond, Virginia, JEREMY BLANCHARD prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for MA.

15. On or about January 25, 2012, in Richmond, Virginia, JEREMY BLANCHARD prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for DE.

16. On or about January 25, 2012, in Richmond, Virginia, ERIK PITTMAN caused EL to sign a document falsely claiming that EL had $10,000 in income and $300 in expenses in tax year 2011 from a beautician business.

17. On or about January 25, 2012, in Richmond, Virginia, ERIK PITTMAN prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for EL.

18. On or about January 26, 2012, in Richmond, Virginia, JEREMY BLANCHARD prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for GB.

19. On or about January 26, 2012, in Richmond, Virginia, ERIK PITTMAN caused MC to sign a document falsely claiming that MC had $8,000 in income and $325 in expenses in tax year 2011 from a beautician business.

20. On or about January 26, 2012, in Richmond, Virginia, ERIK PITTMAN prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for MC.

21. On or about February 2, 2012, JEREMY BLANCHARD prepared and caused to be prepared a 2011 U.S. Individual Income Tax Return for CW even though CW did not inform JEREMY BLANCHARD that he had qualifying educational expenses for tax year 2011.

(In violation of Title 18, United States Code, Section 371).

## COUNTS TWO THROUGH FOURTEEN

1. The factual allegations contained in Background Paragraphs 1 through 15 are re-alleged and incorporated herein.

2. The Grand Jury further charges that on or about the dates set forth below, in the Eastern District of Virginia and within the jurisdiction of this Court, and elsewhere, the defendants,

ERIK PITTMAN and
JEREMY BLANCHARD

did knowingly, willfully, and unlawfully aid, assist in, counsel and advise the preparation and presentation under the Internal Revenue laws of U.S. Individual Income Tax Returns for calendar year 2011, for the taxpayers listed below, which as the defendants listed below then knew were fraudulent and false as to material matters, including, but not limited to those described below:

| Count | Defendant | Date | Taxpayer | False Material Matters | False Items |
|---|---|---|---|---|---|
| Two | Erik Pittman | 01/12/12 | NW | Gross Income (Schedule C, Line 7)<br>Net Income (Form 1040, Line 12)<br>EIC (Form 1040, Line 64a) | $6,500<br>$6,500<br>$2,967 |
| Three | Jeremy Blanchard | 01/18/12 | CC | Dependent (Form 1040, Line 6C) | CL |
| Four | Erik Pittman | 01/18/12 | KE | Gross Income (Schedule C, Line 7)<br>Net Income (Form 1040, Line 12)<br>EIC (Form 1040, Line 64a) | $6,500<br>$6,200<br>$3,094 |
| Five | Jeremy Blanchard | 01/19/12 | DD | Education Expenses (Form 8863, Box 1, "DD")<br>Education Credit (Form 1040, Line 49)<br>AOC (1040 Line 66) | $1,500<br>$1,500<br>$1,000 |

8

| Six | Jeremy Blanchard | 01/19/12 | SM | Education Expenses (Form 8863, Box 1, "SM")<br>AOC (Form 1040, Line 66) | $4,000<br>$1,000 |
|---|---|---|---|---|---|
| Seven | Jeremy Blanchard | 01/19/12 | KL | Education Expenses (Form 8863, Box 1, "KL")<br>AOC (Form 1040, Line 66)<br>Income (Form 1040, Line 7) | $2,500<br>$2,800<br>$1,730<br>$21,089 |
| Eight | Erik Pittman | 01/19/12 | SR | Gross Income (Schedule C, Line 7)<br>Net Income (Form 1040, Line 12)<br>EIC (Form 1040, Line 64a) | $7,500<br>$7,050<br>$3,094 |
| Nine | Erik Pittman | 1/21/12 | IM | Gross Income (Schedule C, Line 7)<br>Net Income (Form 1040, Line 12)<br>EIC (Form 1040, Line 64a)<br>Education Expenses (Form 8863, Box 1, "IM")<br>AOC (Form 1040, Line 66) | $10,000<br>$9,725<br>$5,112<br>$4,000<br>$1,000 |
| Ten | Jeremy Blanchard | 01/24/12 | MA | Gross Income (Schedule C, Line 7)<br>Net Income (Form 1040, Line 12)<br>EIC (Form 1040, Line 64a)<br>Education Expenses (Form 8863, Box 1, "MA")<br>AOC (Form 1040, Line 66) | $9,000<br>$8,400<br>$3,094<br>$3,000<br>$900 |
| Eleven | Jeremy Blanchard | 01/25/12 | DE | Education Expenses (Form 8863, Box 1, "DE")<br>AOC (Form 1040, Line 66) | $1,500<br>$600 |
| Twelve | Erik Pittman | 01/25/12 | EL | Gross Income (Schedule C, Line 7)<br>Net Income (Form 1040, Line 12)<br>EIC (Form 1040, Line 64a) | $10,000<br>$9,700<br>$3,094 |
| Thirteen | Jeremy Blanchard | 01/26/12 | GB | Child Care Expenses (Form 2441)<br>Child Care Credit (Form 1040, Line 48) | $6,200<br>$1,200 |
| Fourteen | Erik Pittman | 01/26/12 | MC | Gross Income (Schedule C, Line 7)<br>Net Income (Form 1040, Line 12)<br>EIC (Form 1040, Line 64a) | $8,000<br>$7,675<br>$3,094 |

(In violation of Title 26, United States Code, Section 7206(2)).

A TRUE BILL

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Stephen W. Miller
Assistant United States Attorney

Todd Kostyshak
Kevin Sweeney
Trial Attorneys, Tax Division